NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD EVERETT,

Plaintiff - Appellant,

v.

BRAZELTON, Warden,

Defendant - Appellee.

No. 13-17035

D.C. No. 1:12-cv-00680-BAM

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding**

Submitted December 9, 2014***

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

California state prisoner Ronald Everett appeals pro se from the district

court's judgment dismissing his action alleging constitutional violations in

connection with loss of property and disciplinary proceedings.   We have

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**     Everett consented to proceed before a magistrate judge.   *See* 28
U.S.C. § 636(c).

***     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F .3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm in part, reverse in part, and remand.

The district court properly dismissed Everett's due process claim based on his loss of property because Everett had an adequate post-deprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (no due process claim against a state employee for an unauthorized intentional or negligent deprivation of property where state law provides an adequate post-deprivation remedy); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations."). The court did not abuse its discretion by denying leave to amend as to this claim because amendment would have been futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) (setting forth the standard of review and explaining that "[a] district court may deny leave to amend when amendment would be futile").

The district court also dismissed as *Heck*-barred Everett's claims challenging his disciplinary proceedings because Everett alleged a loss of time credits. *See*

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (precluding § 1983 claims which, if successful, "would necessarily imply the invalidity" of an inmate's conviction or sentence). However, a document attached to Everett's complaint and judicially noticeable court records show that the disciplinary proceedings did not result in a loss of time credits or otherwise impact the length of Everett's sentence. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) ("*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). Thus, Everett's claims are not *Heck*-barred, and we reverse and remand for the district court to consider in the first instance the merits of these claims and provide Everett notice of any defects and an opportunity to amend with the benefit of that notice.

We reject Everett's contentions concerning the district court's prior grant of leave to proceed in forma pauperis and the alleged need for review of the magistrate judge's decision.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

13-17035